UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
THOMAS HICKEY,                     :
                                   :
            Plaintiff,             :         ORDER
                                   :         06-CV-6838 (JFB) (WDW)
            – against –            :
                                   :
SUSAN DANIELS,                     :
                                   :
            Defendant.             :
                                   :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated January 26, 2007, the Court remanded this action to New York State Supreme Court, Suffolk County. The action consists of a child-custody petition that was originally filed by Thomas Hickey ("Hickey") in state court, and was removed to this Court by Susan Daniels ("Daniels") on December 29, 2006. In its order remanding the action (the "Remand order"), the Court found *sua sponte* that (1) no federal statutory or constitutional issues appeared on the face of the child custody petition at issue, and (2) pursuant to the "domestic relations" exception to federal jurisdiction, it lacked subject matter jurisdiction over the action. (*See* Jan. 26, 2007 Order.) By letter dated February 3, 2007, Daniels argued that the Remand order should "be vacated" and that she should be given an opportunity to present arguments in opposition to a remand of this action. (Daniels' Feb. 3, 2007 Ltr., at 2-3.) For the following reasons, this Court construes plaintiff's letter as a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b), and Local Civil Rule 6.3, and denies plaintiff's motion.

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. New York City Campaign Finance Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id.* at 284 (quotation omitted). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Id.*

Rule 60(b) of the Federal Rules of Civil Procedure also permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Secretary of Health and Human Services*, 688 F.2d 7, 9 (2d Cir. 1982). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994).

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255,

2

257 (2d Cir. 1995); *see also Medoy v. Warnaco Emples. Long Term Disability Ins. Plan*, 97 cv 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

In her submission, plaintiff asserts, as she did in the removal petition, that federal jurisdiction is appropriate because plaintiff does "not seek a custody determination" by this Court but, rather, seeks to litigate the issue of "Parental Alienation Syndrome." (Pl.'s Feb. 3, 2007 Ltr., at 2-3; *see* Remand Order, at 2.) However, as this Court previously held, it is without jurisdiction over this action because (1) no federal statutory or constitutional issues appear on the face of the state-court child custody petition that Daniels seeks to remove, *see, e.g., Chaney v. State of Connecticut*, No. Civ. A. 303CV1990 (SRU), 2003 WL 22890251 (D.Conn., Dec. 05, 2003) (no federal question on face of petitions for custody of plaintiff's children); *In re Al-Zaghari*, No. C 01-1154 (CRB), 2001 WL 345508, at *1 (March 30, 2001) ("This court has no jurisdiction to entertain child custody proceedings."), and (2) it has an obligation to "decline jurisdiction" over child custody petitions pursuant to the "domestic relations" exception to federal jurisdiction, *see, e.g., Marshall v. Marshall*, 126 S.Ct. 1735, 1746 (2006) ("[O]nly 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds.") (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) ("[T]he matrimonial exception to federal jurisdiction [applies] only 'where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child.'") (quoting *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir.1982)) (internal citation omitted); *Neustein v. Orbach*, 732 F. Supp. 333, 339

(E.D.N.Y.1990) ("If . . . the federal court becomes embroiled in factual disputes concerning custody and visitation matters, the action must be dismissed.").

Moreover, the Court rejects Daniels' argument that this Court should reconsider the Remand order because she was wrongfully denied an opportunity to submit her opposition to remand of this action. The Court notes, as it indicated in the Remand order, that "any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) (quoting *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir.1983)). Here, the Court raised the issue *sua sponte* and, as set forth in the Remand order, found that it was without jurisdiction over this action.

In addition, plaintiff has not pointed to any controlling decisions or evidence that this Court overlooked in deciding to remand this action. In any event, a motion for reconsideration "is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, 96 Civ. 9015 (DAB), 2006 U.S. Dist. LEXIS 11924, at *4 (S.D.N.Y. March 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)). Plaintiff fails to demonstrate that reconsideration is warranted and, thus, plaintiff's motion is denied.

As plaintiff has not alleged any facts sufficient to warrant relief from the Court's Order under Federal Rules of Civil Procedure 59(e) or 60(b), the motion to reconsider the Court's Order remanding the action to state court is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2007
Central Islip, New York